## EMMA J. WAY *vs.* SUPERIOR COURT.

### JANUARY 28, 1920.

PRESENT:   Parkhurst, C. J., Sweetland, Vincent, Stearns, and Rathbun, JJ.

(1)  *Judgment.   Time of Entry.*

Gen. Laws, 1909, cap. 294, § 1, providing that "judgment shall be entered
  on the seventh day following the day of the rendition of the verdict or the
  decision of the court, unless some motion operating as a stay be filed, &c.,"
  must be construed in connection with cap. 298, § 17, relating to procedure
  in prosecuting a bill of exceptions, and therefore a judgment may be entered
  at the end of the seventh day, but not before, and the clerk in making the
  record of judgment on the eighth day made the entry on the first day on
  which he was authorized by statute to act.

*(2)   Judgment.   Setting Aside Judgment.   Assignment to Trial.*

April 2, plaintiff was nonsuited; April 10, the clerk made the record, ''judgment entered for defendant; April 9, the parties executed an agreement, ''default removed, case assigned for trial June 25." . The next entry on the record was ''April 10, by agreement of counsel default heretofore entered removed and case assigned for trial to June 25." This last entry was made without order from the court.  On October 27, the court assigned the case to trial.

*Held,* that an act of the court being required to set aside a judgment it was error to assign the case to trial as there was nothing to try.

CERTIORARI.   Heard and record quashed.

RATHBUN, J.   *Certiorari* to vacate assignment of case in Superior Court.

The petitioner alleges that she is the defendant in the Superior Court in Law Case N o. 785, *Ethel M.Way* v. *Emma J. Way.*  From the record it appears that on April 2d, 1919, the plaintiff was called and declared nonsuited; that on April 10th, 1919, the clerk made the following record, "Judgment entered for defendant."  It appears that on April 9th, 1919, on the seventh day after the nonsuit, the parties by their attorneys signed an agreement that the following entry be made: "Default removed—case assigned for trial June 25th 1919."   The next entry on the record is "1919 April 10 by agreement of counsel default heretofore entered removed and case assigned for trial to June 25, next."   (The later entry was made without order from the court.)   Thereafter no action was taken in the case until the court on October 27, 1919, on plaintiff's motion, assigned the case for trial to October 29, 1919.   Defendant objected to the assignment and his exception was noted.   Thereupon the defendant petitioned this court for a writ of *certiorari.*

The petitioner contends that judgment having been entered for the defendant on April 10, 1919, the court had no jurisdiction to assign the case for trial without having first set aside the judgment in accordance with Section 2, Chapter 294 of the General Laws, 1909.   The respondent contends that, as the clerk did not enter judgment on the seventh day following the nonsuit, he could not thereafter

without order of the court enter judgment and hence that the entry on April 10th, 1919, purporting to enter judgment was a nullity.

Section 1, Chapter 294 of General Laws, 1909, provides that "judgment shall be entered on the seventh day following the day of the rendition of the verdict or the decision of the court, unless some motion operating as a stay be filed, or unless there be an express order of the court for the entry hereof, on some later day." This provision must be construed in connection with Section 17, Chapter 298 of General Laws, 1909. "Sec. 17. Any person or party who has taken exceptions in the superior court may prosecute a bill of exceptions to the supreme court by taking the following procedure: *First.* Within seven days after verdict or notice of decision, but if a motion for a new trial has been made, then within seven days after notice of decision thereon, he shall file in the office of the clerk of the superior court notice of his intention to prosecute a bill of exceptions to the supreme court together with a written request to the court stenographer for a transcript of so much of the testimony as may be required, and shall deposit with the clerk the estimated fees for transcribing such testimony as may be required. The filing of such notice and making of such deposit shall stay judgment or sentence until further order of the court."

(1)     It is the clear intention of the statute that a party taking exceptions in the Superior Court shall have seven full days within which he may file "in the office of the clerk of the superior court notice of his intention to prosecute a bill of exceptions to the supreme court" &c. It is also clear that the proceedings to prosecute a bill of exceptions are to be commenced before the .decision or verdict ripens into a judgment. Said Section 17 concludes as follows: "The filing of such notice and making of such deposit shall stay judgment or sentence until further order of the court." The judgment may be entered at the end of the seventh day but not before. The clerk by making the record on the

eighth day made the entry on the first day on which he was authorized by statute to act. The agreement of the parties entered into on April 9th, 1919, before the decision went to judgment was an agreement to remove the default and assign the case for trial. It was not an agreement to set aside the judgment and the agreement was not approved by the court. It requires an act of the court to set aside a judgment. Had the parties agreed to set aside the judg-
(2) ment their written agreement would not have effectuated their purpose until the agreement was approved by the court. It was error to assign the case for trial as there was nothing to try. Judgment had been entered for defendant. The court had the power to set aside the judgment. See Gen. Laws, 1909, Chap. 294, § 2. Had this been done the case could have been assigned for trial on the motion of either party.

The record, "Assigned for trial to October 29, 1919," is quashed and the papers in the case are sent back to the Superior Court.

*Murphy, Hagan & Geary,* for petitioner. *John F. Murphy,* of counsel.

*William R. Champlin,* for respondent.